UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| POGGENPOHL US, INC., a Florida Corporation<br><br>                Plaintiff,<br><br>v.<br><br>STEVE JOHNSON Individually, ATELIER, INC., ABC CORPORATIONS (1-10) and JOHN DOES (1-10),<br><br>                Defendants. | Case No.<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, AND UNFAIR COMPETITION UNDER NEW JERSEY LAW<br><br>Jury Trial Demanded |

Plaintiff POGGENPOHL US, INC. ("Poggenpohl"), through its attorneys, alleges as follows:

## I.  PRELIMINARY STATEMENT

By this complaint, Poggenpohl seeks to prevent consumer confusion and protect "POGGENPOHL®", one of the world's best-known kitchen and bathroom cabinet brands, from intentional dilution and infringement by a direct competitor.

For over 19 years, Poggenpohl has designed, marketed and sold its custom kitchen and bathroom cabinets in the United States under the POGGENPOHL® mark. Poggenpohl has been designing, marketing and selling its custom cabinets in Germany and worldwide for over 50 years, with a lineage that can be ultimately be traced back over a century. Poggenpohl is one of the best-known kitchen and bathroom cabinet brands in the world.

The POGGENPOHL® mark is also one of the most famous trademarks in the world of cabinet design. Poggenpohl has extensively promoted its products using the POGGENPOHL® mark, and consumers, contractors and designers almost universally recognize POGGENPOHL® as a brand identifier for the Poggenpohl products. Consumers, contractors and designers have a strong association between the POGGENPOHL® mark and Poggenpohl quality, design and its products. The strength of the POGGENPOHL® trademark is one of Poggenpohl's most valuable corporate assets.

Defendant ATELIER, INC. ("Atelier") is a former Poggenpohl products dealer. Defendant STEVE JOHNSON ("Johnson") was, at all times mentioned, known to be the owner and principal of Atelier. Prior to the issues arising in this Complaint, the Defendants' dealership agreement terminated, ending any right whatsoever by the Defendants' to use or display in any manner, the marks at issue.

Although Defendants are no longer associated with Poggenpohl in any way, Defendants nonetheless continue to be engaged in the design, marketing, promotion and sale of kitchen and bathroom cabinets (including competing European luxury brands) and as a result, compete directly with Poggenpohl.

Despite the termination of Defendants' relationship with Poggenpohl and the termination of any right whatsoever to associate with Poggenpohl, Defendants continue to use the POGGENPOHL® trade name and trademark to immediately convey to consumers an association with Poggenpohl and unfairly trade off the reputation and goodwill of the POGGENPOHL® mark. It specifically came to the attention of Poggenpohl's employees and staff that Defendants had knowingly placed an advertisement in an email blast, circulated by Modern Luxury: Scottsdale, utilizing the POGGENPOHL® trade name and trademarked. The advertisement appeared in an email dated July 16, 2015 and was undoubtedly viewed by potentially thousands of subscribers as Modern Luxury is a popular luxury brand magazine that is circulated amongst both consumers and industry professionals.

**The use of the POGGENPOHL® trade name and trademarked logo not only represents an unauthorized use (in violation of Poggenpohl's trademark rights), but the advertisement is written in a manner that intentionally casts Poggenpohl in a negative light ("out with the old") while cynically promoting and marketing the Defendants' new business relationships with brands that compete directly with Poggenpohl. The Defendants' willful violation of Poggenpohl's trademark rights is clearly self-serving and is done solely for the purposes of**

**Defendants' financial gain at the expense of Poggenpohl's name and reputation. This willful violation may also unfairly lure consumers away from the Poggenpohl brand, by the very spiteful use of Poggenpohl's mark in this manner.**

Upon information and belief, Defendants have been known to actively display the POGGENPOHL® trade name and trademarked logo in its showroom and on its vehicles. As a result of Defendants' failure to remove the appearance of POGGENPOHL® trade name and trademark in its showroom and vehicles, where Defendants remain in direct competition with Poggenpohl for the type of goods designed, sold, marketed and/or distributed through the same channels of trade and is likely to confuse consumers. The appearance of Poggenpohl's marks may mislead and encourage consumers to enter into Defendants' showroom on the belief that Poggenpohl products are still available through the Defendants, in essence, trading on Poggenpohl's name, reputation and good will. The use of the POGGENPOHL® marks may also lead some to conclude that the defendants are exclusively or jointly, licensed or certified by, or are otherwise associated or affiliated with Poggenpohl. Additionally, customers may be fooled into thinking that they are purchasing Poggenpohl designs, services and/or products from the defendants. Consumers, especially those first-time buyers who are not sophisticated about the cabinet design industry, or who learn about Poggenpohl by word of mouth, are likely to be misled as to the source, sponsorship, or affiliation of the Poggenpohl products, design and/or services. Preventing this confusion will help consumers make fully informed choices about the designs and cabinets they purchase, and will therefore promote the consumer protection goals of the trademark and unfair competition laws.

In this action Poggenpohl seeks to enjoin the Defendants from using the trade name and trademark POGGENPOHL® for the design, promotion, marketing and sale of a directly competing cabinet designs, services and products. The unfair competition laws do not allow a latecomer to copy a famous mark and "free ride" on the goodwill associated with it, particularly if the is use is really a

**Defendants' financial gain at the expense of Poggenpohl's name and reputation. This willful violation may also unfairly lure consumers away from the Poggenpohl brand, by the very spiteful use of Poggenpohl's mark in this manner.**

Upon information and belief, Defendants have been known to actively display the POGGENPOHL® trade name and trademarked logo in its showroom and on its vehicles. As a result of Defendants' failure to remove the appearance of POGGENPOHL® trade name and trademark in its showroom and vehicles, where Defendants remain in direct competition with Poggenpohl for the type of goods designed, sold, marketed and/or distributed through the same channels of trade and is likely to confuse consumers. The appearance of Poggenpohl's marks may mislead and encourage consumers to enter into Defendants' showroom on the belief that Poggenpohl products are still available through the Defendants, in essence, trading on Poggenpohl's name, reputation and good will. The use of the POGGENPOHL® marks may also lead some to conclude that the defendants are exclusively or jointly, licensed or certified by, or are otherwise associated or affiliated with Poggenpohl. Additionally, customers may be fooled into thinking that they are purchasing Poggenpohl designs, services and/or products from the defendants. Consumers, especially those first-time buyers who are not sophisticated about the cabinet design industry, or who learn about Poggenpohl by word of mouth, are likely to be misled as to the source, sponsorship, or affiliation of the Poggenpohl products, design and/or services. Preventing this confusion will help consumers make fully informed choices about the designs and cabinets they purchase, and will therefore promote the consumer protection goals of the trademark and unfair competition laws.

In this action Poggenpohl seeks to enjoin the Defendants from using the trade name and trademark POGGENPOHL® for the design, promotion, marketing and sale of a directly competing cabinet designs, services and products. The unfair competition laws do not allow a latecomer to copy a famous mark and "free ride" on the goodwill associated with it, particularly if the is use is really a

cynical attempt to diminish and cast in a negative manner the same, valuable good.

## II. JURISDICTION AND VENUE

1. This is a Complaint for Trademark Infringement, Trademark Dilution and Unfair Competition arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1)(Trademark Infringement), 15 U.S.C. § 1125(c)(Trademark Dilution), and 15 U.S.C. § 1125(a)(Unfair Competition), and for Unfair Competition arising under New Jersey Law.

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over the Defendants because the defendants received commissions and payment of monies directly from Poggenpohl whose principal place of business is in New Jersey. Defendants also received products from the New Jersey office and its New Jersey-based warehouse. Additionally, the defendants have maintained continuous and systematic commercial contacts with New Jersey State by virtue of activates related to Poggenpohl contracts that pre-dated the dealership termination, including but not limited to orders for replacement parts and repairs and product servicing. Also, the defendant has purposefully availed itself of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities. The publication and dissemination of the infringing trademark in New Jersey is causing ongoing injury to Poggenpohl and dilution of the POGGENPOHL® trademark in New Jersey State.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in New Jersey. The damage to Poggenpohl described herein takes place in New Jersey.

## III. THE PARTIES

5. Poggenpohl is a Florida corporation with its principal place of business in Fairfield, New Jersey. Poggenpohl's business activities include the design, marketing, production, sales and installation of custom cabinets. Poggenpohl is the owner of the POGGENPOHL® trademark, and the POGGENPOHL® trademark is registered to Poggenpohl both in the United States and internationally. Poggenpohl uses the POGGENPOHL® mark around the world to promote its designs and products.

6. On information and belief, the defendant Johnson is a resident of Scottsdale, Arizona. Johnson is using the POGGENPOHL® trade name and trademark without permission to promote, sell and/or market his own cabinet designs along with the products of other manufacturers, all of which is done in direct competition with Poggenpohl.

7. On information and belief, the defendant Atelier is an Arizona corporation or entity, owned by Johnson, that is using the POGGENPOHL® trade name and trademark without permission to promote, sell and/or market their own cabinet designs along with the products of other manufacturers, all of which is done in direct competition with Poggenpohl.

8. ABC CORPORATIONS (1-10) and JOHN DOES (1-10) are fictitious names and serve only to permit the plaintiff to add additional parties if such parties are made known. All allegations in this Complaint are made against such fictitious entities.

## IV. STATEMENT OF FACTS

9. Poggenpohl is one of the best-known kitchen and bathroom cabinet brands in the world. For over 19 years, Poggenpohl has designed, marketed and sold its custom designs and cabinets in the United States under the POGGENPOHL® mark. Poggenpohl has been designing, marketing and selling its custom cabinets in Germany and worldwide for over 50 years; with its lineage in Germany going back no less than a century.

10. Since at least as early as July 1985, Poggenpohl has used the trade name and trademark POGGENPOHL® in the United States to promote its designs and products.

11. On July 17, 1985, Poggenpohl applied for the registration of its POGGENPOHL® trade name and trademark. United States Trademark Registration No. 1380479 was issued on January 28, 1986. The POGGENPOHL® mark is also the subject of United States Trademark Registration Nos. 1623695, as well as comparable registrations around the world.

12. Since 1985, Poggenpohl has spent millions of dollars in marketing its designs and products using the POGGENPOHL® trademarks. Poggenpohl continues to widely advertise and market its designs and products using the POGGENPOHL® trademarks.

13. Poggenpohl is now one of the best-known kitchen and bathroom cabinet brands in the United States and the world. The ongoing success of the Poggenpohl designs, services and products is due at least in part to Poggenpohl's extensive effort to promote its designs and products using the POGGENPOHL® trademarks.

14. The POGGENPOHL® trademark is broadly recognized both within the cabinet design and architecture industry and among the general public as the brand identifier for Poggenpohl designs and products. POGGENPOHL® is one of the most widely recognized design and cabinet brands in the nation. The fame and goodwill associated with the POGGENPOHL® trademark is one of Poggenpohl's most valuable corporate assets.

15. Numerous third parties, such as the Defendants, have at one point or another entered into dealership arrangements with Poggenpohl. As a privilege of entering into a dealership agreement or licensing agreement with Poggenpohl, the dealership benefits from the permission to use Poggenpohl's valuable marks in conjunction with its duties as a dealer to support, market and sell Poggenpohl's products. For many retailers and designers in the kitchen and bath industry, a dealership relationship is a highly sought and lucrative deal. However, at the conclusion of such an arrangement, the dealer's right to use the Poggenpohl name and marks ends. Defendants' relationship with Poggenpohl ended, but Defendants failed to cease their use of Poggenpohl's valuable name and marks in several respects.

Plaintiff initially discovered that Defendants were continuing to display their relationship with Poggenpohl once the dealership agreement was terminated. In fact, Defendants were notified in a June 15, 2015 letter of those violations. Therefore the Defendants were *already* on notice regarding the fact that any use of the Poggenpohl marks was not permitted. To Plaintiff's surprise, Defendants cavalierly directed publication of the July 16, 2015 email blast. It not only displays the Poggenpohl logo unlawfully, but Poggenpohl is mentioned in a negative light, for the purposes of Defendants' promotion of its new business relationship with competing kitchen brands. Given the ample notice, and the fact that Defendants apparently have an axe to grind with Poggenpohl given the nature of the advertisement's content, Defendants' violation of Poggenpohl's trademark rights is both willful and in bad faith.

16. On information and belief, it appears that Defendants intended to continue to use the POGGENPOHL® marks in promoting their own designs, services and products as part of an ongoing promotional, marking and sales effort.

17. It is impossible to dispute that the Defendants do not have permission from Poggenpohl to use, in any way, the POGGENPOHL® trade name or trademark. On information and belief, the defendants intentionally adopted the POGGENPOHL® mark to trade on the fame and goodwill associated with the POGGENPOHL® mark.

18. The defendants' advertisement directly solicits subscribers to the email blast to not only come to their showroom for a specific display sale, but to buy products from Poggenpohl competitors in the future.

19. On information and belief, the Defendants conducts a retail business at 4242 N. Craftsman Court, Scottsdale, Arizona 85251, the address on the email blast.

20. That upon information and belief, as part of its ongoing promotion, marketing, and sales effort, the, Defendants maintain the POGGENPOHL® mark on in-store displays at 4242 N. Craftsman Court, Scottsdale, Arizona.

21. That the defendants are not permitted or authorized to use the POGGENPOHL® marks or sell Poggenpohl designs or products in any manner for any purpose whatsoever.

22. On information and belief, through the use of the POGGENPOHL® mark the defendants willfully intended to dilute the ability of the POGGENPOHL® trademark to identify and distinguish Poggenpohl designs, services and products.'

### 23. COUNT I

### TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32

24. Plaintiff realleges paragraphs 1-32 of this Complaint as if fully set forth herein.

25. The defendants use of the POGGENPOHL® marks to promote, market, or sell their own designs, services and/or products in direct competition with Poggenpohl constitutes trademark infringement pursuant to 15 U.S.C. § 1114. The defendants' intentional and willful infringement of the POGGENPOHL® registered trademark has caused and will continue to cause damage to Poggenpohl, and is causing irreparable harm to Poggenpohl for which there is no adequate remedy at law.

### COUNT II

### TRADEMARK DILUTION UNDER LANHAM ACT § 43

26. Plaintiff realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

27. Defendants' use of the POGGENPOHL® marks to promote, market, or sell its designs, services and products constitutes willful Trademark Dilution pursuant to 15 U.S.C. § 1125(c). Defendants' intentional and willful dilution of the POGGENPOHL® registered trademark has caused and will

continue to cause damage to POGGENPOHL®, and is causing irreparable harm to POGGENPOHL® for which there is no adequate remedy at law.

## COUNT III

### UNFAIR COMPETITION UNDER LANHAM ACT § 43

28. Plaintiff realleges paragraphs 1-36 of this Complaint as if fully set forth herein.

29. Defendants' use of the POGGENPOHL® marks to promote, market, or sell their designs, services and/or products in direct competition with Poggenpohl constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendants' use of the POGGENPOHL® mark is likely to cause confusion, mistake, and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to Poggenpohl, and is causing irreparable harm to Poggenpohl for which there is no adequate remedy at law.

## COUNT IV

### UNFAIR COMPETITION UNDER NEW JERSEY LAW

30. Plaintiff realleges paragraphs 1-38 of this Complaint as if fully set forth herein.

31. Defendant's use of the POGGENPOHL® marks to promote, market, or sell their designs, services, and/or products in direct competition with Poggenpohl constitutes an Unfair Competition under New Jersey Law.

32. Defendants' use of the POGGENPOHL® mark is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Poggenpohl. On information and belief, defendants are using the well-established POGGENPOHL® marks in order to lead customers and the public to suppose that the establishments of the defendants is the establishment of Poggenpohl and to directly compete with Poggenpohl.

33.   Defendants' unfair business practice has caused and will continue to cause damage to Poggenpohl, and is causing irreparable harm to Poggenpohl. As such the plaintiff seeks injunctive relief, and in the Court's discretion, disgorgement of any profits gained by the unfair trade practice.

**WHEREFORE**, plaintiff respectfully prays that this Court:

a.   Issue a preliminary and permanent injunction, enjoining and prohibiting the defendants, or their agents, servants, employees, officers, attorneys, successors and assigns from:

(1)   Using the POGGENPOHL® trade names or trademarks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of any cabinet or furniture design, product or service;

(2)   Infringing Poggenpohl's POGGENPOHL® trademark;

(3)   Diluting Poggenpohl's POGGENPOHL® trademark; and

b.   Order an award of damages in an amount to be determined at trial;

c.   Order an award of treble damages as provided by Section 35(a) of the Lanham Act;

d.   Order an award of attorney's fees and costs as provided by Section 35(a) of the Lanham Act;

e.   Order the disgorgement of any profits gained by the defendants' unfair trade practices; and

f.   Any other or further relief that the Court deems appropriate.

**WHEREFORE**, plaintiff demands judgment against the defendants for damages together with the costs of suit, attorney's fees, interest, and for such other and further relief as this Court deems just proper and equitable.

### VII.   JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this case.

DATED: September 28, 2015

                                              **LAW OFFICES OF PETER J. LAMONT & ASSOCIATES**

                                              By: /s/ Dennison D. Marzocco
                                                    **Dennison D. Marzocco**

                                            623 Lafayette Avenue, Suite 2
                                            Hawthorne, N.J. 07506
                                            plamont@peterlamontesq.com
                                            T: (973) 949-3770
                                            F: (866) 603-0471
                                            *Attorney(s) for Plaintiff, Poggenpohl U.S., Inc.*